**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL NIXON**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, *et al.*, <br><br> Defendants. | Case No. 24-cv-3342 (CRC) |

## ORDER

Plaintiff Michael Nixon is currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.  In this *pro se* lawsuit, Mr. Nixon alleges that the Bureau of Prisons ("BOP") falsely accused him of possessing two metallic weapons, both about eight inches long and "sharpened to a point on one end," in his cell.  See Compl. at 2; id., Ex. A.  After a hearing, a BOP discipline hearing officer ("DHO") concluded that Nixon possessed the weapons in violation of prison regulations.  Id., Ex. B at 3–4.  The DHO sanctioned Nixon with 41 days of lost good time credit, fifteen days of disciplinary segregation, 180 days of lost commissary privileges, and 180 days of lost visitation privileges.  Id. at 4.  After Nixon's administrative appeals proved unsuccessful, see Compl. at 2–3, he turned to two federal courts.  He first filed this lawsuit under the Administrative Procedure Act ("APA"), alleging that the DHO's decision violated BOP's disciplinary procedures.  See id. at 3–6 (asserting that the DHO failed to "consider all evidence" and improperly relied on the reporting officer's written account).  He seeks an order that would "reverse the finding of guilt, expunge the incident report from [his] record, [and] order any sanctions implemented as a result of this incident report to be reversed."  Id. at 6.  A few months later, Nixon filed a habeas petition in the Northern District of West Virginia, again seeking an order requiring BOP to "expunge the disciplinary report and . . . restore the good time credit

which was taken as a result of this wrongful determination by the DHO."  Pet. for Habeas Corpus at 13, Nixon v. Hoover, No. 3:25-cv-28 (N.D. W. Va. Feb. 24, 2025).  The West Virginia court dismissed Nixon's habeas petition with prejudice in January 2026; that ruling is currently on appeal.  See Order Adopting R. & R. at 5, Nixon v. Hoover, No. 3:25-cv-28 (N.D. W. Va. Jan. 20, 2025).

Defendants have moved to dismiss Nixon's complaint in this case, arguing (among other things) that this district is not a proper venue for his APA claim.  See Mot. to Dismiss at 5–8.  Per its standard practice, the Court advised Nixon if he failed to respond to the motion, the Court would treat it as conceded and could summarily dismiss the case.  See Order (ECF No. 14) at 1–3 (citing Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992)).  Nixon did not file an opposition to Defendants' motion.  Accordingly, the Court will grant Defendants' motion to dismiss for lack of venue as conceded.

Moreover, the Court independently concludes that the District of Columbia is not a proper venue for Nixon's claim.  In a civil action against an officer or employee of the United States or any of its agencies, venue is proper where (1) "a defendant in the action resides"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e); see Al-Ahmed v. Chertoff, 564 F. Supp. 2d 16, 18 (D.D.C. 2008).  Because this district is home to countless federal agencies and officials, the Court must "examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  When "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not

2

appropriate in the District of Columbia." Al-Ahmed, 564 F. Supp. 2d at 19 (alterations in original) (citation omitted). Even upon a liberal reading of Nixon's *pro se* complaint, see Naz v. Wright, 177 F.4th 1242, 1246 (D.C. Cir. 2026), the only purported connection between his APA claim and the District of Columbia is the fact that BOP is headquartered in this district. That alone cannot establish venue. See Vanech v. Chavez-Deremer, No 25-cv-3922 (JEB), 2026 WL 2150511, at *3 (D.D.C. July 27, 2026).

The Court will also exercise its discretion to dismiss the case rather than transfer it to the Northern District of West Virginia. See 28 U.S.C. § 1406(a) (providing that courts may transfer a case rather than dismiss it for improper venue if it is "in the interest of justice"); McCain v. Bank of Am., 13 F. Supp. 3d 45, 55 (D.D.C. 2014) ("The decision of whether dismissal or transfer is 'in the interest of justice' is committed to the sound discretion of the district court."). To be sure, "the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." Ellis-Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 177 (D.D.C. 2011). But dismissal "is often appropriate when the outcome is foreordained or the complaint has serious substantive problems[.]" Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 409 (D.D.C. 2017) (citations and internal quotation marks omitted). In this case, Nixon seeks injunctive relief that would "reverse[]" the "sanctions implemented as a result of [the] incident report," including his loss of good time credits. Compl. at 6. This type of relief was more appropriately sought in his habeas petition, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Anyanwutaku v. Moore, 151 F.3d 1053, 1055 (D.C. Cir. 1998), which the Northern District of West Virginia has already denied, see R. & R. at 20, Nixon v. Hoover, No. 3:25-cv-28 (N.D. W. Va. Sep. 11, 2025) (concluding that Nixon "was provided all the due process required for a disciplinary proceeding").

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' [13] Motion to Dismiss is GRANTED and that the complaint and the case are dismissed.  It is further

**ORDERED** that the Clerk of the Court is directed to close this case.

This is a final appealable Order.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 3, 2026

4